PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO.  1:20CR155 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| BAHA JAFFAL, | ) | |
| | ) | **ORDER** |
| Defendant. | ) | [Resolving ECF Nos. 91, 95] |

Pending before the Court are Defendant's Motion for Judgment of Acquittal (ECF No. 91) and Motion for New Trial (ECF No. 95).[1]  The Government filed a response in opposition.[2] ECF No. 96.  For the reasons stated below, Defendant's Motion for Judgment of Acquittal and Motion for New Trial are denied.

## I.  Background[3]

On December 16, 2021, a jury found Defendant guilty of Possession with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Count 1

---

[1]  Defendant was granted leave to withdraw his initial Motion for New Trial (ECF No. 92), and substituted it with ECF No. 95, instanter.  *See* 1/6/2022 Non-document Order.

[2]  The Government's submission (ECF No. 96), is responsive to both Defendant's Motion for Judgment of Acquittal (ECF No. 91), and Defendant's substituted Motion for New Trial (ECF No. 95).

[3] A grand jury returned five charges against Defendant.  ECF No. 1.  After Defendant prevailed on a motion to suppress, the Government dismissed Count 2, a felon in possession charge.  To avoid arousing the jury's curiosity, Counts 3-5 were renumbered.  *See* ECF No. 44, Suppression Ruling and ECF No. 76, Dismissal Order. Those revised numbers are used throughout this ruling.

(1:20CR155)

of the Indictment), Possession with Intent to Distribute a Controlled Substance, in violation of 21

U.S.C. §§ 841(a)(1) and (b)(1)(C) (renumbered Count 2), Using or Carrying a Firearm During

and in Relation to a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i)

(renumbered Count 3), and Felon in Possession of Firearm and Ammunition, in violation of 18

U.S.C. §§ 922(g)(1) and 924(a)(2) (renumbered Count 4).  ECF No. 87.  The jury also returned a

special verdict forfeiting the U.S. Currency, firearm, and ammunition that were seized in

connection with the charges for which Defendant was found guilty.  ECF No. 88.

## II.  Discussion[4]

### A.  Motion for Judgment of Acquittal (ECF No. 91)

Claiming that, the "Government did not present sufficient evidence to support a

conviction on any of the four counts," Defendant seeks a judgment of acquittal.  ECF No. 91 at

PageID #: 620.  Specifically, as it relates to Count 1 and renumbered Count 2 of the Indictment,

Defendant argues that the evidence "at most showed simple possession, not drug trafficking"

because "[t]here were no indicia of trafficking present, such as scales, drugs packaged in saleable

units, controlled buys, or other observed trafficking[.]"  ECF No. 91 at PageID #: 620 – 621.  For

renumbered Counts 3 and 4 which relate to possession of a firearm, Defendant urges that

acquittal is warranted because "the only evidence of knowing possession was Defendant's

presence in a car not registered to his name, with a firearm that was not in plain view."  ECF No.

91 at PageID #: 621.

---

[4] All prior rulings of the Court that are consistent with those written below are
hereby incorporated.

(1:20CR155)

As it did in response to the Rule 29 motions made prior to the jury's verdicts being returned, the Government retorts that there is ample evidence to show that Defendant was engaging in drug trafficking and that Defendant knowingly and intentionally possessed a firearm.

The Court is permitted to set aside a guilty verdict and enter an acquittal if the evidence is insufficient to sustain a conviction.  Fed. R. Crim. P. 29.  "In considering a motion for judgment of acquittal under Criminal Rule 29, [the] Court must determine whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find the elements of the crime beyond a reasonable doubt."  *United States v. Osborne*, No. 5:13CR560, 2015 WL 2238783, at *1 (N.D. Ohio May 12, 2015) (citing *United States v. Abner*, 35 F.3d 251, 253 (6th Cir. 1994).  The Court "must draw all reasonable inferences in favor of the government," and "will not 'weigh the evidence, consider the credibility of witnesses, or substitute [our] judgment for that of the jury.'"  *United States v. Ward*, 957 F.3d 691, 696 (6th Cir. 2020) (quoting *United States v. Ferguson*, 23 F.3d 135, 140 (6th Cir. 1994)).  "A reversal is warranted 'only if, viewing the record as a whole, the judgment is not supported by substantial and competent evidence.'"  *Ward*, 957 F.3d at 696 (quoting *United States v. Blakeney*, 942 F.2d 1001, 1010 (6th Cir. 1991)).

In the case at bar, there is sufficient evidence to support the conviction of Defendant on all counts presented to the jury.  To convict Defendant of the drug possession with intent to distribute charges, the Government was required to prove that (1) Defendant knowingly possessed a controlled substance, and (2) intended to distribute it.  At trial, the Government elicited testimony from Patrolman Norman Kekic that Defendant's possession of large amounts

3

(1:20CR155)

of narcotics and U.S. currency in small denominations is endemic to drug trafficking.[5]  ECF No. 96 at PageID #: 667.  At trial, the Government introduced excerpts of recorded phone calls Defendant made while in detention awaiting trial.  In those recorded calls, Defendant can be heard making statements indicative of his trafficking of narcotics.  *Id*.  Regarding Defendant's knowing possession of a firearm, the Government emphasizes that the evidence shows (1) Defendant throwing a firearm out the window of a moving vehicle in which he was the sole occupant while being pursued by the police, (2) that police recovered the discarded weapon, and, (3) that from inside the same vehicle, recovered a magazine loaded with ammunition of the same caliber as the discarded firearm.  *Id*. at PageID #: 668.  Patrolman Kekic also testified that individuals engaging in drug trafficking will often possess a firearm as means of protection.  *Id*. Relying on his specialized knowledge and training, Patrolman Kekic explained to the jury that the amount of narcotics Defendant possessed resembled the amounts that an individual engaging in drug trafficking would possess.  In both instances, the controlled substances were found either in Defendant's belongings or on his person.  The Government also presented recorded statements of Defendant in phone conversations in which Defendant (1) acknowledged the controlled substances found in his belongings or his person, (2) expressed his desire for his business to continue, and (3) directed his friend, Raya Al-Assadi, to obtain narcotics from Detroit.  Taken

---

[5]  After a Daubert hearing and sufficient briefing, the Court permitted Patrolman Kekic to testify as a witness with specialized knowledge, pursuant to Fed. R. Evid. 702. *See* ECF No. 81 (finding "that Patrolman Kekic is qualified because of his extensive experience dealing with narcotics investigations.  In addition, the testimony is relevant and reliable because Patrolman Kekic is trained in the type of investigation that has occurred in the instant case, and he was involved in the investigation. Patrolman Kekic's knowledge, training, and experience will aid the trier of fact, as the typical juror will not have sufficient knowledge of narcotics investigations to aid in their understanding of the evidence that will be presented at trial.") (citations omitted.).

4

(1:20CR155)

together, this is sufficient evidence for a rational trier of fact to conclude that Defendant

knowingly possessed controlled substances and intended to distribute them.  *See United States v.*

*Fuqua*, 636 F. App'x 303, 309 (6th Cir. 2016) (holding that sufficient evidence was present to

convict defendant of possession with intent to distribute controlled substances, relying on

testimony that the amount of controlled substances and U.S. currency found in Defendant's

possession was consistent with street-level drug trafficking).

      In renumbered Count 3, Defendant is charged with Using or Carrying a Firearm During

and in Relation to a Drug Trafficking Crime.  To prevail, the Government must establish that (1)

Defendant committed the crime charged in renumbered Count 2, (2) Defendant knowingly used

or carried a firearm, and (3) the use or carrying of the firearm was during and in relation to the

crime charged in renumbered Count 2.  The Government sought to establish actual possession to

satisfy the second element.[6]  Actual possession exists when a person "knowingly has direct

physical control over a thing at a given time[.]"  *United States v. Bailey*, 553 F.3d 940, 944 (6th

Cir. 2009) (quoting *United States v. Frederick*, 406 F.3d 754, 765 (6th Cir. 2005)).  At trial, the

Government presented evidence, and Defendant does not dispute, that Defendant threw a firearm

out the window of the vehicle he was operating while being pursued by police on December 12,

2019.  Because Defendant exercised direct physical control over the firearm and was very soon

after found in possession of the controlled substances giving rise to renumbered Count 2, there is

sufficient evidence to convict Defendant of renumbered Count 3.  *See Smith v. United States*, 285

---

      [6]  To establish unlawful possession of a firearm in violation of 18 U.S.C. § 924(c),
the government may show either actual or constructive possession.  *See United States v.*
*Cobbs*, 233 F. App'x 524, 535 (6th Cir. 2007) (citing *United States v. Paige*, 470 F.3d 603,
610 (6th Cir. 2006)).

5

(1:20CR155)

F. App'x 209, 218 (6th Cir. 2008) (holding that there was sufficient evidence to uphold the jury's guilty verdict for possession of a firearm in furtherance of a drug trafficking crime because the firearm was found in close proximity to the controlled substance, defendant was fleeing, and a significant amount of currency in small denominations was found in defendant's possession).

      In renumbered Count 4, Defendant is charged with being a Felon in Possession of Firearm and Ammunition.  To convict Defendant, the Government needed to establish that (1) Defendant has been convicted of a crime punishable by imprisonment for more than one year, (2) Defendant knowingly possessed a firearm and ammunition specified in the indictment, (3) Defendant knew he had been convicted of a crime punishable by imprisonment for more than one year at the time, and (4) the specified firearm and ammunition crossed a state line prior to or during the alleged possession.  Both parties stipulated that Defendant was convicted of a crime punishable by a term of imprisonment exceeding one year, and that Defendant knew about it, establishing the first and third elements.  ECF No. 82.  In addition, both parties stipulated that the firearm giving rise to renumbered Counts 3 and 4 was manufactured outside the State of Ohio and traveled through and affected interstate commerce, satisfying the fourth element.  ECF No. 83.  The second element is satisfied through evidence presented for renumbered Count 3, specifically the fact that Defendant threw the firearm through the window of his vehicle on December 12, 2019.

      For the reasons above, there is sufficient evidence to convict Defendant of all four counts, as the jury did.  Defendant's motion is denied.

### B.  Motion for New Trial (ECF No. 95)

      Defendant states a new trial is warranted because the Court abused its discretion

(1:20CR155)

in (1) "overruling Defendant's Motion to Sever," (2) overruling "Defendant's objections to other-acts evidence, hearsay, and extrinsic proof of a collateral matter," (3) "allowing an unqualified expert to testify outside the limitations of Daubert," (4) "refusing to instruct the jury on a lesser included offense," and (5) "the verdict returned by the jury is not sustained by sufficient evidence." ECF No. 95 at PageID #: 657 – 658.

In response, the Government maintains that the Court (1) properly denied Defendant's Motion to Sever and the request to reconsider the motion is untimely under Fed. R. Crim. P. 12(b)(3) (ECF No. 96 at PageID #: 669 – 670), (2) properly allowed the testimony of Patrolman Kekic because of his specialized knowledge (ECF No. 96 at PageID #: 670 – 672), (3) properly denied Defendant's request for a lesser included offense instruction because the evidence did not support a conviction of mere possession (ECF No. 96 at PageID #: 672 – 673), and (4) properly ruled on Defendant's evidentiary objections and Defendant fails to specify what evidence was improperly admitted (ECF No. 96 at PageID #: 673 – 674).

Upon a motion by a defendant, the Court "may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33.  "A trial court should only grant the motion when the verdict is against the 'manifest weight' of the evidence." *United States v. Bowens*, 938 F.3d 790, 796 (6th Cir. 2019) (quoting *United States v. Mallory*, 902 F.3d 584, 596 (6th Cir. 2018)).  "Such a motion calls on the trial judge to take on the role of a thirteenth juror, weighing evidence and making credibility determinations firsthand to ensure there is not a miscarriage of justice." *Mallory*, 902 F.3d at 596.

### 1. Defendant's Motion to Sever

Defendant argues that the Court improperly denied Defendant's Motion to Sever (ECF No. 39) because "the jury was presented with evidence of more than one incident in a short time

7

(1:20CR155)

frame of Defendant possessing drugs and was invited to infer from this fact that he intended to distribute drugs on both occasions." ECF No. 95 at PageID #: 658 – 659.  The Government relies on the arguments articulated in its pretrial opposition to Defendant's Motion to Sever. ECF No. 40.  Defendant restates the same argument raised in his pre-trial motion.  As the Court previously stated, because "Defendant does not articulate how a jury would be unable to distinguish evidence from events that occurred on November 11, 2019 and December 12, 2019[,]" severance, and a new trial, is not justified.  ECF No. 42 at PageID #: 150.

## 2.  Evidentiary Objections

Defendant raises two challenges to the Court's evidentiary decisions made both before and during trial.  First, Defendant challenges the Court's ruling to allow Patrolman Kekic to testify as an expert witness, arguing that Patrolman Kekic's experience was insufficient to qualify him as an expert witness, which is consistent with Defendant's position prior to trial. ECF No. 66.  The Government offered detailed written descriptions of Patrolman Kekic's training, experience, and qualifications along with the specific issues on which he would opine. *See* ECF Nos. 50, 73.  Patrolman Kekic also offered testimony about his specialized knowledge, experience, and qualifications during a *Daubert* Hearing.[7]  *See* 12/09/2021 Non-document Order. The Court concludes that Patrolman Kekic was properly permitted to testify as an expert witness because his knowledge, training, and experience helped the trier of fact, as the typical juror would not have sufficient knowledge of narcotics' investigations to fully understand the evidence that was presented at trial.  *See* ECF No. 81 at PageID #: 580.

---

[7]  It is worth noting, that despite his recent title, Officer Kekic served in many positions in his 28 years as a law enforcement officer, including as a Detective assigned to the Narcotics Unit.  ECF No. 73.

(1:20CR155)

Next, Defendant argues that the Court improperly overruled Defendant's objection to the admission of any witnesses or exhibits alluding to the suppressed firearm (*See* ECF No. 44), Defendant's prior bad acts, and also the prior statements of Jeremiah Brown ("Brown"), who testified at trial on the issue of ownership of the firearm that gave rise to renumbered Counts 3 and 4 of the Indictment.  The Government counters that neither the suppressed firearm nor Defendant's previous state felony convictions were alluded to during trial.  Regarding Brown's prior statements, the Government retorts that it simply called Special Agent Matthew Curley ("Special Agent Curley") to rebut Brown's testimony.

At trial, the Government did not present any exhibits or testimony about the suppressed firearm, nor did its counsel mention Defendant's uncharged prior bad acts.  Brown's testimony was offered by the defense.  Defendant and the Government stipulated to Defendant's previous felony convictions.  ECF No. 82.  Further bad acts by Defendant, including mention of him selling vape pens,[8] were ordered by the Court to be redacted from the call transcript and not admitted into evidence.  ECF No. 81 at PageID #: 582 – 583.  The Government's introduction of Brown's prior inconsistent statement is permitted under Fed. R. Evid. 613(b),[9] as Brown was given the opportunity to explain or deny the statement and was subjected to examination by both parties.

Ultimately, Defendant does not direct the Court towards any evidentiary decision that would warrant the granting of a new trial.

---

[8]  It was the defense, not the Government, that mentioned the vape pens during trial.

[9]  "[A] witness's prior inconsistent statement is admissible only if the witness is given an opportunity to explain or deny the statement and an adverse party is given an opportunity to examine the witness about it[.]"  Fed. R. Evid. 613(b).

9

(1:20CR155)

### 3. Lesser-Included Offense Instruction

Defendant argues that the Court improperly denied Defendant's request for a lesser include offense of possession of a controlled substance.[10]  Defendant points out a contradiction in the Government's case, as the Government argued the need for an expert to help the jury understand evidence of drug trafficking while also arguing that there is sufficient evidence to make it abundantly clear that drug trafficking was occurring.  The Government argues that the lesser included offense was not warranted because the evidence would not allow a rational trier of fact to find that Defendant committed mere possession, when faced with Patrolman Kekic's expert testimony, the quantities of drugs Defendant possessed, the denominations of cash, and Defendant's statements during recorded jail calls.

In the Sixth Circuit, "[a] defendant is entitled to a lesser-included offense instruction if '(1) a proper request is made; (2) the elements of the lesser offense are identical to part of the elements of the greater offense; (3) the evidence would support a conviction on the lesser offense; and (4) the proof on the element or elements differentiating the two crimes is sufficiently disputed so that a jury could consistently acquit on the greater offense and convict on the lesser.'" *United States v. LaPointe*, 690 F.3d 434, 439 (6th Cir. 2012) (quoting *United States v. Colon*, 268 F.3d 367, 373 (6th Cir. 2001)).

In the instant case, a lesser included offense was not warranted.  The Government presented sufficient evidence, namely the recorded statements of Defendant clearly illustrating his intent to distribute.  The jury would have had to entirely disregard Defendant's own words to find that what he possessed was not to be distributed.  Plainly, the evidence, as a whole, would

---

[10] Defendant's theory was that the drugs were for his personal use, not distribution.

(1:20CR155)

not have allowed a rational jury to convict Defendant of mere possession.   Defendant did not

offer sufficient evidence showing Defendant did not intend to distribute controlled substances.[11]

Accordingly, Defendant was not entitled to the lesser-included offense instruction, and a new

trial is not warranted.

    **4.  Sufficiency of Evidence**

Defendant's challenge to the sufficiency of the evidence mirrors the argument raised

in Defendant's Motion for Judgment of Acquittal.  The Court, incorporating the reasons

articulated in the denial of Defendant's Motion for Judgment of Acquittal, is not persuaded that a

new trial is warranted based on the sufficiency of the evidence.

### III.  Conclusion

For the reasons stated above, Defendant's Motion for Judgment of Acquittal (ECF No.

91) and Motion for New Trial (ECF No. 95) are denied.


    IT IS SO ORDERED.



February 25, 2022                                              /s/ Benita Y. Pearson
Date                                                                    Benita Y. Pearson
                                                                           United States District Judge

---

[11]  Obviously, had the jury not been persuaded by the Government's evidence, it could have acquitted Defendant on the drug counts.  It did not.

11